**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ASSURANCE CO. OF AMERICA,** ) | Case No. 1:07 CV 3379 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **HATINCO, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

On May 8, 2005, Saleem M. Muqdady was fatally injured at the Edgewater Deli, where he was employed, when gunfire was exchanged between armed gunmen attempting to rob the store and Saleem's brother, Aymen Muqdady ("Aymen"), the owner of the store. *ECF No. 1* ("Compl.") ¶ 10. As a result of this deadly exchange, Robert S. Leiken, Administrator of the Estate of Saleem Muqdady, filed a complaint against Defendants Hatinco, Inc. ("Hatinco"), dba Edgewater Deli, and Aymen, the principal of Hatinco, in state court on April 26, 2007. *Id.* ¶ 3.[1] The complaint asserts claims against Aymen and Hatinco for negligence, wrongful death, loss of consortium and funeral expenses. *Id., Ex. 2,* ¶¶ 7-10. Apparently, Aymen and Hatinco, who are named insureds in a commercial general liability policy issued to them by Plaintiff Assurance Company of America ("Assurance"), notified Assurance of the lawsuit and requested defense and indemnity coverage under the policy.

---

[1] The case, captioned *Robert S. Leiken, Admstr. Est. Saleem Muqdady v. Hatinco, et al.*, was filed in the Court of Common Pleas, Cuyahoga County, Ohio, under Case No. CV 07 622644 (the "underlying action").

On October 31, 2007, Assurance filed a declaratory judgment action in this district court under 28 U.S.C. § 2201, asking the Court to declare the rights and obligations of the parties under the policy. More to the point, Assurance seeks declarations that (1) the claims against Defendants in the underlying action are not covered by the policy, which excludes coverage for bodily injury to an employee, and (2) Defendants forfeited coverage by failing to afford timely notice to Assurance.

On November 2, 2007, the Court issued an order noting that the exercise of jurisdiction over federal declaratory judgment actions is discretionary and requiring Assurance to show cause why the case should not be dismissed without prejudice under *Travelers Indemnity Co. v. Bowling Green Professional Associates, PLC*, 495 F.3d 266 (6th Cir. 2007). The Court explained that in *Travelers Indemnity*, the Sixth Circuit found that a district court abused its discretion when it decided to exercise jurisdiction over a federal declaratory judgment action brought by an insurer to determine the issue of coverage in a pending underlying state court action. Specifically, the *Travelers* court determined, among other things, that issues of insurance contract interpretation are questions of state law with which state courts "are more familiar and, therefore, better able to resolve." 495 F.3d at 273 (*quoting Bituminous Cas. Corp. V. J & L Lumber Co., Inc.*, 373 F.3d 807, 814 (6th Cir. 2004)). Moreover, there were alternative remedies that were better than a federal declaratory judgment action for resolving the insurance coverage issues, i.e., a state declaratory judgment action, or an indemnity action at the conclusion of the underlying state action.

In response to the Show Cause Order, Assurance filed a response brief explaining why it believed the Court should choose to exercise jurisdiction over this insurance coverage

-2-

case. *ECF No. 6*. After reviewing Assurance's response brief, it is the Court's decision not to exercise federal jurisdiction over this declaratory judgment action because it involves questions of state insurance contract law which the state courts are in the best position to resolve. Additionally, the Court has been informed by counsel for Assurance and counsel for Defendants in the underlying state court case that Aymen Muqdady has fled the country and is now residing in Jordan. Under the circumstances, this declaratory judgment action is hereby **DISMISSED WITHOUT PREJUDICE**.

        **IT IS SO ORDERED.**

        */s/Dan Aaron Polster    January 14, 2008*
        **Dan Aaron Polster**
        **United States District Judge**